UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                Plaintiff,<br><br>v.<br><br>SUSANA VERA (11),<br><br>                                Defendant. | Case No.:  14-cr-221-WQH-11<br><br>**ORDER** |

HAYES, Judge,

On January 25, 2016, following a guilty plea, the Court sentenced Defendant Susana Vera to the custody of the Bureau of Prisons for 41 months followed by a five-year term of supervised release for conspiracy to import methamphetamine and importation of methamphetamine in violation of 21 U.S.C. §§ 952, 960 and 963. (ECF Nos. 406, 407.)

Following Defendant's release from custody, on August 13, 2018, the Court issued an Order terminating Defendant's remaining term of supervised release. (ECF No. 566.)

On March 6, 2026, Defendant, now proceeding pro se, filed a letter in this Court addressed to the "Supreme Court" and "Governor." (ECF No. 648 at 1, 2.) In this letter, Defendant requests a "pardon," and asserts that she has "worked hard to change my life" and "serve as an example that rehabilitation is possible." *Id*.

Article II of the United States Constitution gives the President of the United States the power to pardon individuals who have committed federal offenses, such as the offenses at issue in Defendant's case. *See* U.S. Const., Art. II, § 2, cl. 1; *see also Nixon v. United States*, 506 U.S. 224, 232 (1993). To the extent Defendant is seeking a pardon for her federal crimes, that request must be directed to the President, rather than to this Court.

14-cr-221-WQH-11

The Court also could liberally construe Defendant's March 6, 2026 letter as a request for expungement of the record of her conviction. "[I]n general when a defendant moves to expunge records, she asks that the court destroy or seal the records of the fact of the defendant's conviction and not the conviction itself." *United States v. Crowell*, 374 F.3d 790, 792 (9th Cir. 2004) (citation omitted). There are "two sources of authority by which courts may expunge records of criminal conviction: statutes and our inherent authority." *Id*. "By statute, Congress has set the conditions by which the courts may expunge records of federal convictions in particular cases," but Defendant has not contended that any of these expungement statutes apply here. *Cf. id*. at 792–93 (listing examples). "[F]ederal courts have inherent authority to expunge criminal records in appropriate and extraordinary cases," but a "district court's ancillary jurisdiction is limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error." *Id*. at 793. "[D]istrict courts do not have the power 'to expunge a record of a valid arrest and conviction solely for equitable considerations,' because 'the expungement of the record of a valid arrest and conviction usurps the powers that the framers of the Constitution allocated to Congress, the Executive, and the states.'" *Id*. (quoting *United States v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000)). Here, Defendant does not contend that her arrest or conviction was unlawful or that expungement would correct a clerical error. Despite Defendant's commendable efforts at rehabilitation, based upon the current record, the Court finds that it does not have the power to expunge or seal Defendant's conviction in this case.

IT IS HEREBY ORDERED that Defendant's request in her March 6, 2026 letter is denied. (ECF No. 648.)

Dated:  April 20, 2026

Hon. William Q. Hayes
United States District Court

2